IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ELIZABETH SCOTT** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:23-cv-00211 | |
| § | | |
| **TARGET CORPORATION; and** § | | |
| **ALLEN NGUYEN** § | | |
| *Defendants.* § | | |

## DEFENDANT TARGET CORPORATION'S AMENDED ANSWER

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE JAMES R. NOWLIN:**

COMES NOW, Defendant Target Corporation (hereinafter "Defendant") and files this Amended Answer to Plaintiff's Original Petition, and would show as follows:

### I.
### DISCOVERY CONTROL PLAN

1.   The allegation in Paragraph 1 of Plaintiff's Original Petition is such that a response is not required.

### II.
### PARTIES

2.   Defendant admits the allegation in Paragraph 2 of Plaintiff's Original Petition.

3.   Defendant admits Target Corporation is a corporation organized and existing under the laws of Minnesota with its principal place of business in Minneapolis, Minnesota.

4.   Defendant admits Alan Nguyen, incorrectly named as Allen Nguyen, is no longer a party to this case after Plaintiff dismissed all causes of action against him.

### III.
### JURISDICTION AND VENUE

5.  With respect to the allegations in 5th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 4, Defendant admits this Court has jurisdiction over this matter because the properly joined Defendant, Target Corporation, and Plaintiff are citizens of different states and the amount in controversy exceeds $75,000.

6.  With respect to the allegations in the 6th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 5, Defendant admits venue in Travis County, Texas was proper when originally filed in state court, and that Travis County is within the Western District of Texas, Austin Division.

## IV.
## FACTS

7.  With respect to the allegations in the 7th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 6, Defendant admits Plaintiff was involved in an incident on or about September 28, 2022, at a Target store located at 10900 Lakeline Mall Drive, Austin, Texas. Defendant admits Plaintiff had just finished purchasing goods at the store and was walking towards the exit when the incident happened. Defendant denies the remaining allegations in the 7th Paragraph.

8.  With respect to the allegations in the 8th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 7, Defendant admits the Target store at issue is a retail store that is open for shopping to members of the public, including Plaintiff. Otherwise, denied as stated.

## V.
## CAUSES OF ACTON AGAINST DEFENDANT TARGET CORPORATON

9. With respect to the allegations in the 9th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 8, Defendant denies such allegations.

10. With respect to the allegations in the 10th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 9, Defendant denies the allegations.

11. With respect to the allegations in the 11th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 10, Defendant denies the allegations, including subparts a – e.

12. With respect to the allegations in the 12th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 11, Defendant denies the allegations.

13. With respect to the allegations in the 13th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 12, Defendant denies the allegations.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANT ALAN NGUYEN

14. With respect to the allegations in the 14th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 13, Defendant denies the allegations.

15. With respect to the allegations in the 15th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 14, Defendant denies the allegations.

16. With respect to the allegations in the 16th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 15, Defendant denies the allegations.

17. With respect to the allegations in the 17th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 16, Defendant deies the allegations, including subparts a – e.

18. With respect to the allegations in the 18th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 17, Defendant denies the allegations.

19. With respect to the allegations in the 19th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 18, Defendant denies the allegations.

## VII.
## DAMAGES

20. With respect to the allegations in the 20th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 19, Defendant denies the allegations.

21. With respect to the allegations in the 21st Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 20, Defendant denies the allegations.

22. With respect to the allegations in the 22nd Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 21, Defendant denies the allegations.

23. With respect to the allegations in the 23rd Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 22, Defendant denies the allegations.

## VIII.
## INTEREST

24. With respect to the allegations in the 24th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 23, Defendant denies the allegations.

## IX.
## DEMAND FOR JURY TRIAL

25. To the extent a response is necessary, Defendant also demands a trial by jury.

## X.
## REQUEST FOR DISCLOSURE

26. With respect to the allegations in the 26th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 25, a response is not required.

## XI.
## NOTICE OF SELF-AUTHENTICATION

27. With respect to the allegations in the 27th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 26, a response is not required as the Texas Rules of Civil Procedure do not apply in this case.

## XII.
## DESIGNATED E-SERVICE EMAIL ADDRESS

28. The allegations in the 28th Paragraph of Plaintiff's Original Petition, incorrectly identified as Paragraph 27, are such that do not require a response.

## XIII.
## PRAYER

29. With respect to the allegations in the 29th Paragraph of Plaintiff's Original Petition, the Prayer, such does not require a response. To the extent a response is required, Defendant denies such allegations.

## XIV.
## OTHER DEFENSES

30. The incident and Plaintiff's injuries and damages, if any were proximately caused and/or solely caused by the conduct and/or negligence of others, including Plaintiff, over which Defendant had no control.

31. The incident and Plaintiff's injuries and damages, if any, resulted from new and independent causes unrelated to any conduct of Defendant.

32. Defendant expressly invokes Chapters 32 and 33 of the Texas Civil Practice & Remedies Code and would show that, to the extent Plaintiff sustained any damages, which is denied, Defendant is entitled to contribution and/or indemnity from such other parties whose negligence was a proximate cause of said damages, if any.

33. If Defendant is found liable to Plaintiff as alleged, which Defendant specifically denies, their percentage of responsibility should be compared to the percentage of responsibility attributed by the trier of fact to each plaintiff, defendant, settling person, and responsible third party, pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, and any recovery against Defendant should be reduced, if not barred, accordingly.

34. In addition to any other limitation under law, recovery of medical or health care expenses, if any, is limited to the amount actually paid by or on behalf of the claimant, pursuant to Texas Civil Practice & Remedies Code § 41.0105.

35. In the event Plaintiff seeks damages for lost wages or loss of earning capacity in this case, Plaintiff is limited, with respect to damages for loss of earnings and/or loss of earning capacity, if any, to the net loss after reduction for income tax payments and/or unpaid tax

liability pursuant to any federal income tax law, pursuant to Texas Civil Practice & Remedies Code § 18.091.

36. Plaintiff's recovery, if any, is limited, with respect to pre-judgment and post-judgment interest, if any, by the provisions contained in Chapter 304 of the Texas Finance Code.

37. Further pleading herein, Plaintiff failed to mitigate damages, if any. In addition, Defendant would show that if Plaintiff agreed or was required to pay medical providers more than a reasonable amount for services provided, and/or fails to submit medical bills to a health insurance carrier with agreed reimbursement rates lower than the amounts charged to Plaintiff by her providers, the difference between the amount of Plaintiff's medical bills and a reasonable amount (which reasonable amount may be based on a carrier's reimbursement rates) is not the result of Defendant's alleged conduct but, rather, is/was caused by the conduct of Plaintiff, Plaintiff's medical provider(s) and/or Plaintiff's authorized agents. Such conduct constitutes one manner in which Plaintiff failed to mitigate her damages.

38. Pleading further, pursuant to applicable provisions of Chapter 33 of the Texas Civil Practice & Remedies Code, Defendant asserts their right to receive the appropriate credit, offset, or reduction in judgment based upon any settlement Plaintiff made or may make with any other defendant, settling defendant, or other third party, for any amount of money collected from such person or entity by settlement, compromise, or agreement, or in payment of any judgment entered in this case.

40. Defendant objects to the purported Texas Rule of Civil Procedure 193.7 Notice set

forth in the 27th Paragraph of Plaintiff's Petition because: (a) it is premature since Defendant has not yet produced all documents in this case; and (b) it fails to identify any specific document(s) with sufficient particularity as to allow Defendant to identify any objection(s) they may have to such document(s). Defendant also does not agree to the authenticity of any document that is produced by any other party in this matter.

## XVI.
## JURY DEMAND

41. Defendant hereby demands a trial by jury in this matter and note a jury demand was previously made by it in this case. Defendant specifically objects to conducting a jury trial by remote video conferencing such as Zoom video conferencing or other similar platform.

## XVII.
## PRAYER

Defendant Target Corporation prays that Plaintiff take nothing by this lawsuit, that Defendant be discharged with their costs expended in this matter, and for such other and further relief to which they are justly entitled.

Respectfully submitted,

**GERMER BEAMAN & BROWN PLLC**
One Barton Skyway
1501 South Mopac Expressway, Suite A400
Austin, Texas 78746
(512) 472-0288
(512) 472-0721 Fax

By:  /s/ G. Robert Sonnier
G. Robert Sonnier
State Bar No. 18847400
rsonnier@germer-austin.com
Samantha C. Jeffers

                                        State Bar No. 24120924
                                        sjeffers@germer-austin.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I certify by my signature above that a true and correct copy of the above and foregoing has been served on all attorneys of record as listed below on November 6, 2023:

Blake J. Harmon
State Bar No. 24089575
THOMAS J. HENRY INJURY ATTORNEYS
5711 University Heights Blvd. Ste 101
San Antonio, Texas 78249
Telephone: 210-656-1000
Fax: 361-985-0601
Bharmon-svc@tjhlaw.com

**ATTORNEY FOR PLAINTIFF**

                                              */s/ G. Robert Sonnier*
                                              G. Robert Sonnier